UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

CINSEREE JOHNSON,

      Plaintiff,

vs.

PTL. PATRICIA M. CANNON,

      Defendant.

CASE NO. 1:12-CV-2480

OPINION & ORDER
[Resolving Doc. Nos. 1 & 2]

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the court is *pro se* plaintiff Cinseree Johnson's Complaint filed against defendant Patrolwoman Patricia M. Cannon. (Doc. No. 1) Johnson, who asserts this Court's jurisdiction pursuant to 18 U.S.C. §242, alleges Cannon violated her right to due process by allegedly filing a false report. For the reasons set forth below, the Court **DISMISSES** the Complaint.

## I. Background

For reasons not disclosed in the Complaint, Johnson was on the campus of Case Western Reserve University (CWRU) on October 1, 2011. On that date, she alleges she requested security "assistance with an incident" that occurred at CWRU. Cannon responded to her call, along with Officer Paul Owen.

Two days after contacting security, Johnson learned that a report had been filed with CWRU

Case No. 1:12-CV-2480
Gwin, J.

regarding the incident. She claims the report was a "complete fabrication" and denies ever making any statements regarding "how the White race in America is against all blacks, and that she will take this matter up publicly with the media." (Compl. at 1.) The report allegedly concluded with a declaration that Johnson was escorted from the building, but she maintains she left the building voluntarily. Johnson states she has unsuccessfully attempted to correct "the record" several times since it was issued in 2011.

Johnson now seeks damages in the amount of $1,000,000.00 for libel and violations of her due process rights. Further, she seeks an order from this Court directing the defendant to correct the record submitted.

## II. Legal Standard

A.   *28 U.S.C. §1915(e)*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court must dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

## III. Analysis

A.   *18 U.S.C. § 242*

Johnson asserts this Court's jurisdiction over her Complaint pursuant to 18 U.S.C. § 242.

-2-

Case No. 1:12-CV-2480
Gwin, J.

The relevant statute provides that "[w]hoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States,. . . on account of such person being an alien, or by reason of his color, or race, . . ., shall be fined under this title or imprisoned not more than one year." 18 U.S.C. §242. Because this statute establishes criminal liability for certain deprivations of civil rights, it does not give rise to a civil cause of action. *United States v. Oguaju*, 76 F. App'x 579, 580 (6th Cir.2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994). Therefore, Johnson lacks standing to pursue this action against Cannon pursuant to 18 U.S.C. §242.

Even allowing for Johnson's *pro se* status and construing this as an attempt to file her Complaint as a civil rights action pursuant to 42 U.S.C. §1983, her claim would fail. Section 1983 does not encompass private discriminatory actions. To assert an actionable claim under section 1983 a plaintiff must assert that the unlawful interference with a federal right was "fairly attributable to the State." *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Thus, Johnson would need to allege that the actions taken by Cannon against her "can fairly be seen as state action." *Rendell–Baker, supra*, 457 U.S. at 838.

No allegation of state action has been made and no such action can be inferred from the facts alleged. CWRU is a private university. Beyond that fact, Johnson does not allege what relationship Cannon had with CWRU or why her acts could be attributed to the state of Ohio.

-3-

Case No. 1:12-CV-2480
Gwin, J.

Johnson's remaining libel claim, which is a type of defamation, is a state law issue defined by Ohio law. *See McCartney v. Oblates of St. Francis deSales*, 80 Ohio App.3d 345, 353, 609 N.E.2d 216 (6th Dist.1992). Thus, there is no basis for federal jurisdiction to attach. Because there is no basis for this Court's original jurisdiction, any potential state law claims Johnson may allege are dismissed without prejudice. *See* 28 U.S.C. § 1367(a)

### IV. Conclusion and Order

Based on the foregoing, Johnson's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is GRANTED and the Complaint (Doc. No. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e), but without prejudice to any state law claims Johnson may seek to pursue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: May 8, 2013                                         *s/         James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE